WILLIAM R. TAMAYO – #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
CINDY O'HARA -- #114555 (CA)
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California  94105
Telephone:     (415) 625-5653
Facsimile:      (415) 625-5657

Attorneys for Plaintiff Equal Employment Opportunity Commission

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | Civil Action No. C-07-1776 SI |
| Plaintiff, | **CONSENT DECREE** |
| v. | |
| **ABLE SERVICES, INC. dba ABLE BUILDING MAINTENANCE COMPANY,** | |
| Defendant. | |

Plaintiff Equal Employment Opportunity Commission ("Commission") filed this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Phillip Holmes, whom the Commission alleged was adversely affected by such practices.  The Commission alleged that Defendant Able Services, Inc. dba Able Building Maintenance Company ("Able")  subjected Mr. Holmes to unlawful retaliation, in violation of Title VII.   Defendant  has denied the above allegation.  The Commission and Defendant Able now seek to resolve this action without further contested litigation through the instant Consent Decree.  This resolution does not constitute an admission of liability on the part of Able.

The Court has reviewed this Consent Decree in light of the pleadings, the record

herein, and the applicable law, and now approves this Consent Decree.

THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

**GENERAL PROVISIONS**

1. This Court has jurisdiction over the subject matter and the parties to this action. This Court retains jurisdiction over this Consent Decree during its term.

2. This Consent Decree constitutes a full and final resolution of the Commission's claims against Able in this action.

3. This Consent Decree will become effective upon its entry by the Court.

4. This Consent Decree is final and binding upon the parties to it, their successors and assigns.

5. The Commission and Able will each bear its own costs and attorneys fees in this action.

**GENERAL INJUNCTIVE RELIEF**

6. Able and its current officers, agents, employees, and all persons in active concert or participation with them will comply with all requirements of Title VII with respect to providing a workplace free of retaliation.

7. Able and its current officers, agents, employees, and all persons in active concert or participation with them agree not to retaliate against Phillip Holmes ("Charging Party"), or any other employee or former employee, for having testified or participated in any manner in the Commission's investigation and the proceedings in this case.

**SPECIAL INJUNCTIVE RELIEF**

**Non-Retaliation Policy**

8. Within ninety (90) days of the entry of this Consent Decree, Able will redistribute its non-retaliation policy, contained in the Company Rules, to each employee of Able.

9. Whenever it hires new employees, Able will provide each new employee with the non-retaliation policy.

**Training**

10. Able will provide anti-retaliation training to all management and statutory supervisory employees once every two years during the term of this Consent Decree, such year to be measured from the entry of this Consent Decree. In addition, every new manager or supervisor must receive such training within six months of becoming a manager or supervisor. Said training will include what a manager or supervisor should do when an employee complains about harassment or retaliation, how to investigate such complaints, and the obligations of managers and supervisors not to retaliate against employee who make such complaints.

**Record Keeping and Reports**

11. Within thirty (30) days after completing each training designated in paragraph 10, Able will mail to counsel for the Commission a report containing the date of the training, a list of all attendees including their job titles, and copies of all materials distributed at the training.

12. Within thirty (30) days after the redistribution of its anti-retaliation policy, as specified in paragraph 8 above, Able will report to the EEOC that said policy has been redistributed.

13. Once every six (6) months, to be measured beginning at the date of entry of this Consent Decree and continuing for the duration of this Consent Decree, Able will notify the counsel for the Commission whether it has received any written complaints of retaliation, what steps were taken in response to that information, and how the situation was resolved.

**MONETARY RELIEF**

14. Able will pay the sum of $11,500, to Phillip Holmes as damages and in complete satisfaction of the Commission's claims against Able as set forth in its Complaint. This sum will be paid by check directly to Mr. Holmes, and will be sent to him via certified mail, at the address to be provided to Able by the Commission. A copy of said check and its transmittal letter will be sent to Commission counsel Cindy

O'Hara at the San Francisco District Office. Said check will be transmitted by Able no later than fourteen (14) days after the entry of this Consent Decree.

**EXPIRATION OF CONSENT DECREE**

15. This Consent Decree constitutes a full and final resolution of all the Commission's claims against Able in this action. This Consent Decree will expire five years afer its entry, provided that Able has substantially complied with the terms of this Consent Decree. Able will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that Able has failed to comply with any of the terms of this Decree.

**E-filing concurrence:** I, Cindy O'Hara, attorney for Plaintiff Commission, attest that I have obtained the concurrence of Charles Thompson IV, attorney for Defendant Able, for the lodging of this Consent Decree.

On Behalf of Plaintiff Commission:        On Behalf of Defendant Able:

Dated: June 6, 2008                       Dated: June 6, 2008

EQUAL EMPLOYMENT OPPORTUNITY              KAUFF, McCLAIN & McGUIRE, LLP
COMMISSION


___/S/_____                  ___/S/_____
CINDY O'HARA                              CHARLES THOMPSON IV


**ORDER**

It is so ordered.

Dated:_____             _____
                                          Susan Illston
                                          United States District Court Judge

CONSENT DECREE                                                         Page 4